IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–00562–RM–KMT

ACCUSYTEMS, LLC, a Colorado limited liability company,

    Plaintiff,

v.

BCB BANCORP, Inc., a New Jersey corporation d/b/a BCB Community Bank,

    Defendant.

---

# ORDER

---

This matter is before the court on "Plaintiff's Unopposed Motion to Stay Discovery and the Rule 16(b) Scheduling and Planning Conference." (Doc. No. 26, filed May 22, 2015.) For the following reasons, Plaintiff's Motion to Stay is GRANTED.

Plaintiff originally filed this case in Pueblo County District Court on February 2, 2015. (*See* Doc. No. 3.) Plaintiff's Complaint asserts claims for breach of contract and breach of the implied duty of good faith and fair dealing based on Defendant's alleged failure to pay the remaining balance of a license fee, as well as the total balance of a software service fee, for software Plaintiff licensed to Defendant. (*See generally id.*)

On March 19, 2015, Defendant removed the action to this court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because there is complete diversity of citizenship between the parties and

the amount in controversy exceeds $75,000. (Not. of Removal, Doc. No. 1.) On April 17, 2015, Plaintiff filed a Motion for Remand. (Doc. No. 13.) In that motion, Plaintiff argues that this case should be remanded back to state court because, although the prerequisites for diversity jurisdiction are met, Defendant contractually waived its right of removal.[1] (*See id.*) Plaintiff's present motion seeks to stay discovery and other proceedings until a ruling is issued on its Motion for Remand.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02–CV–01934–LTB–PAC, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(a).

A motion to stay discovery is thus an appropriate exercise of this court's discretion. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–255 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id*. (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

---

[1] Plaintiff's Motion to Remand has been referred to this court by District Judge Raymond P. Moore. (Memorandum, Doc. No. 13, filed Apr. 20, 2015.) Briefing on the Motion to Remand was completed on May 20, 2015. (*See* Reply, Doc. No. 22.)

Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2040, 198 (3d ed.2010); s*ee also Vivid Techs., Inc. v. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

A stay of all discovery is generally disfavored. *See Chavez v. Young Am. Ins. Co.*, No. 06–cv–02419–PSF–BNB, 2007 WL 683973, at*2 (D. Colo. Mar. 2, 2007) (unpublished). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). When considering a stay of discovery, the court may consider and weigh: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See FDIC v. Renda*, No. 85–2216–O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unpublished) (citing cases).

In weighing the appropriate factors, the court finds that a stay of proceedings is appropriate here. First, because Plaintiff filed, and Defendant does not oppose, the Motion to Stay, their interests in proceeding with this action do not weigh heavily in the court's analysis. The court also finds that its own interests are well served by a stay. Although the court has an interest in managing its docket by seeing the case proceed expeditiously, the court finds that any inconvenience that might result is outweighed by the potential waste of judicial resources that would result from allowing discovery only to have the case subsequently remanded for the

reasons set forth in Plaintiff's Motion for Remand.  *Cf. Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.D.C. 2005) (staying discovery pending a decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings].").

Finally, neither the interests of nonparties or the public interest in general prompt the court to reach a different result.  Accordingly, on balance, the court finds that a stay of discovery is appropriate in this case.

Therefore, it is

ORDERED "Plaintiff's Unopposed Motion to Stay Discovery and the Rule 16(b) Scheduling and Planning Conference" (Doc. No. 26) is GRANTED.  All proceedings in this matter are STAYED pending ruling on Plaintiff's Motion for Remand and the Scheduling Conference set for June 16, 2015 is VACATED.  It is further

ORDERED that the parties shall file a joint status report within seven days of a ruling on Plaintiff's Motion for Remand, if the case remains pending before this court, to advise if the Scheduling Conference should be reset.

Dated this 8th day of June, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge